**Opinion issued January 8, 2026**



In The

# Court of Appeals

For The

# First District of Texas

—————————————

**NO. 01-25-00867-CV**

—————————————

**FELICIA NICOLE JONES, Appellant**

**V.**

**LOUIS VUITTON, MERCEDES-BENZ OF HOUSTON GREENWAY, TOLL BROTHERS, AND MAZDA NORTH AMERICAN OPERATIONS, Appellees**

---

**On Appeal from the 412th District Court**
**Brazoria County, Texas**
**Trial Court Case No. 75486-CV**

---

**MEMORANDUM OPINION**

Appellant, Felicia Nicole Jones, a vexatious litigant subject to a pre-filing order, filed a notice of appeal from an unidentified judgment or other allegedly appealable order in the underlying trial court cause. On November 25, 2025, the

Court directed appellant to file an amended notice of appeal complying with the Texas Rules of Appellate Procedure, specifically, identifying the judgment or trial court order being appealed. On November 26, 2025, appellant filed a "Notice of Amended Appeal," indicating that she was appealing a September 25, 2025 order. Appellant's amended notice did not include any September 25, 2025 trial court order and stated only that she "[a]ppealed from dismissal of recusal order."

Also, on November 25, 2025, the Court notified appellant that her appeal was subject to dismissal because, based on the Court's records, appellant was a vexatious litigant subject to a pre-filing order. Generally, the Clerk of this Court may not file an appeal in a civil matter presented by a vexatious litigant subject to a pre-filing order unless: (1) the litigant first obtains an order from the local administrative judge permitting the filing or (2) the litigant is appealing from a pre-filing order declaring the person a vexatious litigant. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.103(a). In her amended notice of appeal, appellant did not provide the Court with any evidence that she obtained permission from the local administrative judge prior to filing her appeal.

Appellant was therefore directed to file a written response, within ten days of the Court's November 25, 2025 order, establishing that the Court had jurisdiction over her appeal, specifically, that she sought, and obtained, permission from the local administrative judge prior to filing her appeal. On December 13, 2025, appellant

filed a "Response to Court Order [and] Jurisdiction Statement." However, appellant's response failed to establish that she obtained the necessary permission before filing this appeal.

We therefore dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), (c), 43.2(f). All pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Guerra, Caughey, and Dokupil.